```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
MAYRA JOSEFINA NUNEZ,

                        Plaintiff,                  MEMORANDUM AND ORDER

         -against-                                   Case No. 1:20-CV-05907

KILOLO KIJAKAZI, ACTING
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

                        Defendant.
-------------------------------------------------x
```

**BLOCK, Senior District Judge:**

Mayra Josefina Nunez seeks review of the Commissioner of Social Security's denial of her applications for disability insurance benefits ("DIB") and for supplemental Security Income ("SSI"). Both parties move for judgment on the pleadings. For the following reasons, plaintiff's motion is GRANTED; the Commissioner's motion is DENIED; and the matter is REMANDED for further proceedings consistent with this opinion.

**I.**

Mayra Josefina Nunez was born in October 1966 in the Dominican Republic and completed school through sixth grade. At all relevant times, she was a United States citizen. She filed her claim on August 11, 2016. In her application, Nunez noted back pains, left foot pain, right leg pain, depression, weak bladder, and elbow

pain as of January 5, 2016, her disability onset date. Nunez also suffers from depression, disc disorder with radiculopathy, and uterovaginal prolapse, which the ALJ found to be severe impairments. Prior to applying for disability benefits, she was a house cleaner.

In support of her claim, Nunez submitted materials from several treating sources: primary care physician, Dr. Jean-Francois; gynecologist, Dr. Lind; and pain management physician, Dr. Patel;[1] her physical therapist, Alvaro Acosta; and her licensed mental health counselor, Jorge Niveyro. Evidence was also included from the Social Security Administration's ("SSA") consulting physicians: psychiatrist, Dr. Georgiou; internist, Dr. Teli; and psychologist, Dr. Fassler. Nunez's claim was denied on November 1, 2016.

Nunez filed a request for a hearing with an administrative law judge ("ALJ"). The ALJ, Gloria Pellegrino, held an administrative hearing on September 17, 2018. Nunez appeared with her attorney and a Spanish interpreter. On December 5, 2018, the ALJ found Nunez was not disabled. The ALJ further determined that Nunez retained the residual functional capacity ("RFC") to perform light work with several restrictions, which included, among other things, a low stress setting, no more than occasional changes in work routine or work setting, and little independent decision

---

[1] The Commissioner and the ALJ both refer to the pain specialist as Nityananda Podder, M.D., who signed the medical records. Dr. Patel and Dr. Podder are members of the same practice group, Interventional Pain Medicine, P.C.

2

making or goal setting, and a sit/stand option. Though Nunez required an interpreter at her hearings and her case documents were in Spanish, the ALJ also found that she could communicate effectively in English. The Appeals Council denied Nunez's request for review on March 24, 2020. This action followed.

## II.

"[A] district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); see also 42 U.S.C. § 405(g). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Social Security*, 562 F.3d 503, 507 (2d Cir. 2009).

The treating physician rule requires the ALJ to give "controlling weight" to the opinion of the treating source "as to the nature and severity of the impairment" unless it is "inconsistent with other substantial evidence in [the] case record." *Stacey v. Comm'r of Soc. Sec. Admin.*, 799 F. App'x 7, 9 (2d Cir. 2020) (quoting *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008)).[2] The ALJ can neither substitute her own opinion for the experts, nor cherry-pick the facts to support her conclusion. *See Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999); *Smith v. Bowen*, 687 F. Supp. 902,

---

[2] The treating physician's rule applies because Nunez's application was filed prior to March 27, 2017. 20 C.F.R. § 404.1527. For cases filed after March 27, 2017, treating sources are not presumptively given controlling weight.

3

904 (S.D.N.Y. 1988) ("[The ALJ] cannot pick and choose evidence that supports a particular conclusion.") (citing *Fiorello v. Heckler*, 725 F.2d 174, 175-76 (2d Cir. 1983)).

### III.

The ALJ erred by not properly applying the treating physician rule. First, the ALJ failed to adequately explain her reasons for the weight given to every treating source. This is improper. *See Estrella v. Berryhill*, 925 F.3d 90, 95-96, 98 (2d Cir. 2019) ("When an ALJ does not explicitly consider these factors, remand is required for further proceedings.").

Second, the ALJ failed to properly credit the treating sources' opinions. For example, Jorge Niveyro, her mental health counselor, diagnosed major depressive disorder and post-traumatic stress disorder. He noted that Nunez had weekly therapy since January 2014, and, as a result of her condition, she had difficulties carrying out tasks related to unskilled work, such as cooperating with a coworker, maintaining attendance, responding appropriately to criticism or changes in the work environment. The ALJ ultimately gave his opinion "little weight" because he was not an acceptable medical source and because his opinions were inconsistent with the consulting examiners.

However, Niveyro's opinions were consistent with the acceptable medical sources, including the SSA's consulting experts. Dr. Georgiou opined that Nunez

4

had attention and concentration deficits, anxious affect, impaired memory, below average cognitive functioning, and diagnosed her with a mood disorder. Dr. Fassler opined that Nunez retained the capacity only for simple unskilled work. Because Dr. Fassler and Dr. Georgiou independently established mental health issues, Niveyro's opinions and medical records can, and should, be used to evaluate the severity of the issue. *See* SSR 06-03P (S.S.A. Aug. 9, 2006); 20 C.F.R. § 404.1527(f) (other medical sources "cannot establish the existence of a medically determinable impairment," but may provide "special knowledge of the individual" and "insight into the severity of the impairment(s) and how it affects the individual's ability to function."); *see also Muntz v. Astrue*, 540 F. Supp. 2d 411, 421 (W.D.N.Y. 2008) (pointing to physician assistant testimony as substantial evidence).

In fact, the ALJ disregards or gives little weight to significant evidence that negates her opinion, including the consulting physicians' opinions. This is improper. *See Rosa*, 168 F.3d at 79; *Smith*, 687 F. Supp. at 904 ("[The ALJ] cannot pick and choose evidence that supports a particular conclusion.") (citing *Fiorello*, 725 F.2d at 175-76). It is also improper for the ALJ to rely on her own opinions about Nunez's "conservative treatment" to prove a lack of disability. *See Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008) (internal citation omitted) (an ALJ "may not impose [her respective] notion that the severity of a[n] ... impairment directly correlates with the intrusiveness of the medical treatment ordered")).

5

## IV.

The ALJ also failed to account for Nunez's age when determining her RFC. The ALJ evaluated Nunez as a "younger individual," a category that applies to applicants aged 45 to 49 years old. Nunez turned 50 soon after her application, and she was 51 at the time of her hearing. Plaintiff argues that, on that basis, Nunez should have been considered "a person close to advanced age," a category applied from ages 50 to 54. *See* 20 C.F.R. § 404.1563(d) and § 416.963(d). The Court agrees.

Generally as a "younger person," the ALJ does not consider that age will "seriously affect [the applicant's] ability to adjust to other work." 20 C.F.R. § 404.1563(c). However, as a "person closely approaching advanced age," the ALJ "will consider that [her] age along with a severe impairment(s) and limited work experience may seriously affect [her] ability to adjust to other work." *Id*. § 404.1563(d). However, the age categories are not to be applied "mechanically." *Id.* § 404.1563(b) ("If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case.").

In this case, Nunez completed school through sixth grade in the Dominican Republic, had reached 50 years of age, and previously performed "unskilled" work as a house cleaner. Having properly applied the rule and considered Nunez's age, it

6

is likely that the ALJ would have found there was no work that she was able to do, even if her RFC includes light work.

Lastly, the Court urges the ALJ to reconsider Nunez's English language proficiency upon remand. The documents sent to Nunez regarding her case were in Spanish; she had a Spanish interpreter for the hearings; and she only had education up to the sixth grade, which was completed in the Dominican Republic, a Spanish-speaking country. Further, Nunez held no job in the past that required her to communicate in English. If the ALJ had properly assessed Nunez's language ability, the jobs available to Nunez may have been reduced to zero.

## CONCLUSION

For the foregoing reasons, Nunez's motion is GRANTED, the Commissioner's motion is DENIED, and the case is REMANDED for further proceedings consistent with this opinion.

**SO ORDERED.**

                                               _/S/ Frederic Block_____
                                               FREDERIC BLOCK
                                               Senior United States District Judge

Brooklyn, New York
July 21, 2022